Mason. The first question was what estate Alexander had on the fine. John, the father, gave lands to Alexander, and the heirs of his body, the reversion prout lex postulat, and I conceive that Alexander has an estate tail, and therefore the fine shall inure by grant of the reversion. When anything passes by way of grant, it cannot be to the use of anyone, for the grant implies a use, and therefore A. being tenant in tail before the fine, the reversion passes, and there would be an end to this case if the reversion did not pass.
The second question is, What is the operation of the second fine? The doubt is not, as it has been urged, when tenant in tail makes a lease for life, and then grants the reversion, whether this is *a discontinuance, as it is not executed during the life of the tenant in tail. But whether the fine be a bar. *Page 684 
And the question comes on the 4 H., 7, 24, p. 164, the case being this: Alexander, being tenant in tail to himself and the heirs male of his body, the reversion to John, his brother, discontinued for life, and then granted the reversion by fine, with proclamation and warranty, and died without issue male, leaving a daughter. John died, the daughter of Alexander being the next cousin and heir, quaere. Whether she is barred of this fine. It seems to me she is. (1) The preamble of the statute says that fines ought to be of the greatest strength to avoid strifes and debates, and be a favorer of the new, and an enemy of the old title. The purview concludes both strangers and privies. In 19 H., 8, 6, 7, it was resolved that no privy can avoid the fine of his ancestor. The words are general, the exception is of a feme covert, and the saving extends to strangers. Then, if the daughter be any way privy to him who levied the fine, she is within the general purview, and not within the saving, and it is granted that she is a privy. If a son and heir be outlawed during the life of his father, and purchase a pardon of felony, and the father dies, the land shall escheat after the death of the son. But in 32 H. 8; Dyer, 48, if the eldest son be attainted of felony during the life of his father and died, after the father dies seized in fee of the land, it will descend to the younger son, because he does not derive the land from his brother. 10 Eliz.; Dyer, 241. And here, though the daughter does not claim anything from her father, she must make her title through him, viz., as daughter to her father and heir to her uncle. 41 Eliz., in Hobby's case in the Exchequer. A man had issue, a son and daughter; the father was attainted; the son purchased land and died; resolved, that the daughter shall inherit; for no mention is made of the father in the conveyance. As the statute of Magna Charta, c. 34, p. 1, bars the mother from having an appeal so the statute of 4 H., 7, c. 24, p. 164, bars anyone from avoiding a fine as privy. 19 H., 8; Dyer, 3. Grandfather, father, and son, the father disseized the grandfather and levied a fine, and died; the son is barred, for he must derive his title through his father. But if my uncle disseizes my father, and levies a fine in my father's lifetime, this shall not bar me, for *I do not make my titlethrough him; but if my father had died, and then my uncle levied a fine, I shall be barred. McWilliams' case. Here the daughter, being privy in blood, shall be in the purview of the statute, and consequently barred. But admitting that she was a stranger, then the question is whether she came in due time. It seems not. Alexander, tenant in tail to him and his heirs male, etc., made a lease for life, which is a discontinuance, and then levied a fine with proclamation, and died without issue male, and five years are elapsed; she ought to have prosecuted within the five years after the death of the tenant in tail without issue. Com., 734. Tenant for life, remainder in fee, if the tenant makes a feoffment in fee, and the *Page 685 
feoffee levies a fine, he in remainder shall not have five years after the death of the lessee for life; because the right first accrued by the forfeiture. But 3 Rep., 78, Francis' case, was objected. But here there is no covin nor any other land, etc., and then it was argued that the exposition was contrary to the letter of the statute, and here the heir of the donor has not availed herself of the opportunity within the five years. With regard to the warranty, the case is: Alexander, tenant in tail, levied a fine with warranty, and it descended to the remainderman: whether he shall be barred. This rests on the statute of Westminster 2. For all warranties except by disseizin were bars at common law, but by the statute of Gloucester, a warranty by will is no bar, without assets. Afterwards came the statute of Westminster, 2, which restrained the power which the donee had to alien; and on the construction of it the issue is not barred by the warranty of the father without assets. And, I conceive, this case is out of the statute 11 E., 2, title Warranty. A lineal warranty is no bar to the issue in tail, without assets, because the statute gives a formedon, where before the statute the remedy was by assize of mort d'auncestor; and a formedon in descender comes in lieu of it; and the son cannot be barred by his brother, because he claims merely through his father, but per formandoni, etc. He may have a formedon in reverter at common law, and therefore is not within the limitation of the law. 41 E., 3; Fitz. War., 16. In our case, it is as before the statute, scil. strangers only and not privies may avoid. And in 41 E., 3; War., 27, it is doubted, 7 E., 3, 43. Whether in such a case the warranty shall not bar without assets: still the heir of the donor is put to his action, for he shall not enter against the fine and warranty of his ancestor. 21 H., 7, 11. Tenant in tail died, living the lessee, if the grantee takes advantage of the warranty he shall take it by action. Although the heir of the donor shall not be barred, without assets, still he shall be put to his* action. But it has been objected that the warranty descended to the feme covert, and still she is barred, because the entry of the feme was not congeable, and as her entry was not lawful, the warranty descending to her shall bar her. I conclude that Alexander has the reversion, and therefore power to make the conveyance; that if he has not the reversion, still the daughter claiming as privy shall be barred by the fine; and if she is not barred, she has slipped her opportunity; and if she has not, yet she is barred by the warranty and the statute of Westminster, 2., and if she is not barred without assets, she is put to her action; so that upon the whole the defendant has the best right.
* Nota. Judgment was entered concessum est that A. D. shall recover, instead of consideratum est; and therefore it was reversed. *Page 686